NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

QINGWEI JIN,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 15-70195

Agency No. A087-599-020

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2016**

Before: LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Qingwei Jin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Jin's inconsistent testimony regarding his arrest in 2008, and inconsistencies between his testimony and documentary evidence concerning his prior attempts to obtain a visa and his employment information. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Jin's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Jin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Jin's CAT claim fails because it is based on the same testimony the agency found not credible, and Jin does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be

15-70195

tortured by or with the consent or acquiescence of a public official in China. *See*

*Farah*, 348 F.3d at 1156-57.

**PETITION FOR REVIEW DENIED.**